UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARTIN DIAZ DE LEON,

 *Plaintiff*,

v.            Case No.  SA-25-CV-01510-JKP

UNITED STATES SERVICES AUTO-
MOBILE ASSOCIATION (USAA),

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States Services Automobile Association's (USAA) Motion to Dismiss for lack of Subject Matter Jurisdiction. *ECF Nos. 10, 14*. Plaintiff Martin Diaz De Leon responded. *ECF No. 13*. Upon consideration, the Motion is **GRANTED**. This cause is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED to close the case**.

### Factual Background

In this action filed November 18, 2025, De Leon alleges disability discrimination and retaliatory termination in violation of the Americans with Disabilities Act ("ADA"). *ECF No. 1*. In the Complaint, De Leon admits he signed an arbitration agreement with USAA prior to his employment which requires all employment-related disputes to be arbitrated before the American Arbitration Association ("AAA"). *Id. at pars. 5-6*. De Leon admits he initiated arbitration on June 11, 2025, and this arbitration process is ongoing. *Id.* Comparison of the Complaint and the Demand for Arbitration reveals this action asserts the same substantive allegations and causes of action De Leon presented, and that are currently being litigated, in arbitration. *Compare ECF No. 1 with ECF No. 1, exh. C, AAA Demand for Arbitration*.

USAA now moves to dismiss this cause of action for lack of subject matter jurisdiction due to the pending arbitration proceeding on the same substantive matters. *ECF No. 10*.

**Legal Standard**

The Federal Arbitration Act (FAA), applies when parties enter into an agreement to submit to arbitration prior to filing suit. The FAA "does not itself create the subject-matter jurisdiction necessary for a federal court to resolve" issues litigated within the arbitral proceedings. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). Instead, a federal court may only entertain an action subject to the FAA if the federal court holds an independent jurisdictional basis, such as diversity jurisdiction or federal question jurisdiction. *Id*. at 4–5. In such event, the federal court holds "very limited jurisdiction to intervene in an arbitration before an award is issued." *Int'l Bancshares Corp. v. Ochoa*, 311 F.Supp.3d 876, 878 (S.D. Tex. 2018) (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002)).

Once arbitration has commenced, "challenges to the procedural aspects of arbitration are for the arbitrator to decide." *Int'l Banchares*, 311 F. Supp. 3d at 878; *see also Gulf Guar. Life Ins. Co.*, 304 F.3d at 752–754. "Generally, before an award is issued, a court's jurisdiction is limited to determining whether an agreement to arbitrate exists and enforcement of that agreement." *Gulf Guar. Life Ins. Co*., 304 F.3d at 487; *see also Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 752 (5th Cir. 1995). Thus, the federal court's jurisdiction is limited to determination "whether, on its face, the agreement to arbitrate includes the asserted causes of action, that is, whether the subject matter of the dispute is arbitrable under the parties' agreement. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986); *Int'l Banchares*, 311 F.Supp.3d at 878. In addition, once an arbitration proceeding begins a federal court may intervene in three limited circumstances: "(1) if the arbitration agreement does not provide a method for selecting

arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is a lapse [of time] in the naming of an arbitrator or arbitrators." *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491 (5th Cir. 2012) (internal quotations omitted); *Int'l Bancshares Corp.*, 311 F.Supp.3d at 878; 9 U.S.C. § 5. A "lapse" occurs when there is some "mechanical breakdown in the arbitrator selection process." *Id.* at 491–92; *Int'l Bancshares Corp.*, 311 F.Supp.3d at 878. A mechanical breakdown occurs when the arbitration agreement cannot be enforced at all. *See id.* (citing examples of a "mechanical breakdown" in which a "deadlock" prevented the parties from proceeding to arbitration under an otherwise enforceable arbitration agreement*); see also Int'l Bancshares Corp.*, 311 F.Supp.3d at 878.

Any doubt is to be resolved in favor of arbitration. *Id*. The party seeking judicial intervention of a pending arbitration bears the burden of establishing the court's jurisdiction." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012); *Int'l Bancshares*, 311 F.Supp.3d at 878.

### Discussion

Diaz De Leon asserted federal question jurisdiction by raising causes of action for violation of the ADA. Diaz De Leon concedes in the Complaint that his allegations and resulting causes of action are subject to mandatory arbitration, which commenced on June 11, 2025, and the arbitration proceeding is still pending. *ECF No. 1, pars. 5-6*. Thus, De Leon does not request in this action that this Court determine the arbitrability of the parties' dispute, the validity of the subject arbitration agreement, or a lapse in the arbitrator selection process. Diaz De Leon does not seek intervention due to a "mechanical breakdown" in the enforcement of the subject arbitration agreement. *See id.*

Based upon Diaz De Leon's admissions and the procedural posture of this case, this Court does not hold subject matter jurisdiction at this time. *See BP Expl. Libya Ltd.*, 689 F.3d at 491; *Int'l Bancshares Corp.*, 311 F.Supp.3d at 878. The FAA bars this Court's intervention into the arbitration proceedings, and this Court does not hold jurisdiction to adjudicate the same allegations and causes of action that are the subject of an ongoing arbitration proceeding. *See BP Expl. Libya Ltd.*, 689 F.3d at 491; *Gulf. Guar. Life Ins. Co.*, 304 F.3d at 486–87.

Diaz De Leon alleges delays, discovery disputes, and dissatisfaction with opposing counsel's conduct requires his relief from the arbitration proceeding and allows this Court's intervention. *See ECF Nos. 4, 13*. However, procedural complaints about discovery, scheduling, or arbitrator management must be decided by the arbitrator, not the Court. *See Gulf Guar. Life Ins. Co.*, 304 F.3d at 487. De Leon's dissatisfaction with the arbitration process does not divest the arbitrator of jurisdiction or create separate subject-matter jurisdiction in this Court. *Id*. This Court does not hold jurisdiction to supervise pending arbitration. *BP. Expl. Libya Ltd*., 689 F.3d at 491–92.

## Conclusion

For the reasons stated, the Court **GRANTS** USAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction without prejudice.

The Clerk of Court is **DIRECTED** to close this case.

The Court withdraws its referral of all pretrial matters to the Magistrate Judge.

It is so ORDERED.
SIGNED this 15th day of April, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE